# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CHRISTOPHER S. COLLINS,**

        **Plaintiff,**

**-vs-**                                  **Case No. 6:07-cv-1825-Orl-22DAB**

**ASHTON ORLANDO RESIDENTIAL, LLC and ASHTON WOODS USA, LLC,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE (Doc. No. 62)**
>
> **FILED:** February 20, 2009
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district

court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on February 25, 2009 with counsel for both parties present.

The Court previously entered a report and recommendation on Ashton's Motion for Summary Judgment (Doc. No. 43), which summarized the undisputed facts as follows:

> Ashton is a residential home builder who builds "uniquely designed homes" valued at between $250,000 and $500,000. Ashton employs superintendents for its residential home communities, and the superintendents are responsible for "overseeing, facilitating, and ensuring the quality of the construction of the homes in a particular community." Plaintiff was employed as a superintendent [or assistant superintendent] by Ashton from October 2005 until he was terminated in October 1, 2007. Doc. No. 41 (Collins Dep.) Ex. 3. Plaintiff's starting salary was $40,000.00, with a bonus potential of $850.00 per completed home; he also received car and cell phone allowances. Doc. No. 41 at 19-20, 74.
>
> It is undisputed that, as part of his responsibilities in creating the "homeowner experience," Plaintiff scheduled numerous meetings with the home buyers during the home building process, Plaintiff walked the house with the homeowners, talked with them about things that bothered them, and correct the problems. Doc. No. 41 at 23-24. Plaintiff also examined the quality of the subcontractors' work, and he would notify them of any issues; it was very difficult keeping all of the different subcontractors on schedule. Doc. No. 41 at 37-39. Plaintiff would back-charge subcontractors for problems that needed to be fixed; and would deal with subcontractors who argued

> about the back-charges everyday. Doc. No. 41 at 33. Upon the completion of a subcontractor's work, Plaintiff inspected the work and, if finding it satisfactory, notified the home office via his Palm Pilot that the subcontractor could be paid. Doc. No. 41 at 33. Plaintiff was also responsible for coordinating the inspections of homes with the county building authorities; each home required approximately five to six county inspections before the closing. Doc. No. 41 at 36. Plaintiff walked the homes with them and addressed their concerns. Doc. No. 41 at 36. The parties dispute the extent to which Plaintiff performed other responsibilities.
>
> It is undisputed that throughout Plaintiff's employment, Ashton did not pay Plaintiff at the overtime rate for hours worked in excess of forty hours a week, believing Plaintiff to be an exempt employee. Plaintiff estimates that he is owed overtime for 32 hours per week for the time he was employed by Ashton. Doc. Nos. 7, 25.

Doc. No. 43 at 2-3. Defendants' Motion for Summary Judgment on the issue of Plaintiff's status as an exempt employee was recommended denied; however, Plaintiff conceded that he was not entitled to liquidated damages because Defendants had acted on advice of counsel in defining Plaintiff's superintendent position as exempt. Doc. No. 43.

Plaintiff initially sought approximately $21,788 for alleged overtime worked and unpaid wages (exclusive of liquidated damages). Doc. No. 7. The settlement to Plaintiff of $13,271.04 in unpaid wages (without liquidated damages) represents approximately two-thirds of the hotly-disputed principal amount Plaintiff initially sought. Counsel represented at the hearing that compromise was based on legal and factual issues involving the characterization of the allegedly "manual" labor and/or job duties as performed by Plaintiff. The Court also recognizes that, although denial of Ashton's summary judgment motion was recommended because a genuine issue of material fact existed, there remained significant uncertainty in the factual issues for trial.

The parties have agreed that Defendant will pay Plaintiff's attorneys $28,437.21 in attorney's fees and costs, which is significantly higher than in other FLSA cases; however, there was extensive motions practice in this case, with Defendant filing a Motion for Summary Judgment and Plaintiff

responding; the Motion was recommended denied[1] on the exemption issue (and Plaintiff conceding the liquidated damages issue), and the parties participated in mediation. *See* Doc. Nos. 43, 62. The case progressed through a full discovery schedule with depositions and full paper discovery. Doc. No. 62 at 2. Because the case was not settled until the eve of trial, the parties necessarily filed the Pretrial Statement, and prepared the Jury Instructions, etc. *See* Doc. No. 52, 53.

Plaintiff's counsel has filed an affidavit and billing records reporting that he accrued a total of 83.6 hours and his paralegals accrued 18.4 hours in representation of Plaintiff in this case. Doc. Nos. 64-2. At hourly rates of $300 per hour for experienced FLSA partner level work and $95 to $105 for paralegal work, total fees incurred amounted to $26,981.00. Counsel's costs totaled $2,471.18 for the filing fee, service of process, deposition and mediation fees. Doc. No. 65-4. After deducting $2,471.18 for these costs, Plaintiff's counsel received $25,966, which was 96% of the total fees accrued. *See* Doc. Nos. 64, 64-2. Based on a review of the supporting documentation, and under the circumstances of this case, the amount of time devoted and the hourly rates are not unreasonable.

Settlement in the amount of $13,271.04 to Plaintiff for unpaid wages and liquidated damages, and $28,437.21 for attorney's fees and costs is a fair and reasonable settlement in this case. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[1]The case settled prior to the District Judge entering an order on the Report and Recommendation.

Recommended in Orlando, Florida on February 26, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy